Submitted November 1, assessment of court-appointed attorney fees reversed and remanded; otherwise affirmed December 18, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EMERSON IVAN JOHNSON,
*Defendant-Appellant.*

Marion County Circuit Court
08C49193; A151436

316 P3d 432

Peter Gartlan, Chief Defender, and Jonah Morningstar, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment revoking his probation, asserting that the court erred in including in the judgment a requirement that he pay $230 in court-appointed attorney fees. Based on defendant's admission to probation violations, the court revoked defendant's probation and, at sentencing, announced its intention to impose a sentence of 36 months' incarceration. The court subsequently entered a written judgment of revocation, which, in addition to the announced incarceration term, also required him to pay $230 in court-appointed attorney fees. Defendant contends that the term imposing payment of attorney fees was error because the court did not announce that term in open court; did not find, as required under ORS 161.665, that defendant "is or may be able to pay" the fees imposed; and, even if it had made that finding, there is no evidence in the record to support it. He acknowledges that he did not preserve his claim of error, but contends that, because he did not have an opportunity to object, the preservation doctrine does not apply.

The state concedes that the court erred in entering a judgment ordering defendant to pay $230 for his court-appointed attorney because it had not imposed that term orally and that the error should be corrected. We agree and accept the state's concession. *See State v. Jacobs*, 200 Or App 665, 671, 117 P3d 290 (2005) ("[T]he right conferred on a defendant by [ORS 137.030(1)] includes the right to have his sentence pronounced in open court."). Accordingly, we reverse the assessment of attorney fees and, as the parties have requested, remand for further proceedings. *Bacote v. Johnson*, 333 Or 28, 34, 35 P3d 1019 (2001). Otherwise, we affirm.

Assessment of court-appointed attorney fees reversed and remanded; otherwise affirmed.