Submitted November 7, conviction on Count 3 reversed and remanded; remanded for resentencing; otherwise affirmed December 26, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ARCHIE D. WILLS,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR1101987; A151713

317 P3d 407

Emily Elison and Castleberry & Elison, PC, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Douglas F. Zier, Senior Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

PER CURIAM

**PER CURIAM**

Defendant was convicted of attempting to elude a police officer, ORS 811.540, driving under the influence of intoxicants, ORS 813.010, and interfering with a peace officer, ORS 162.247. On appeal, he raises four assignments of error. In his first assignment of error, defendant contends that the trial court erred in denying his motion for judgment of acquittal on the charge of interfering with a peace officer (Count 3). We reject that assignment of error without discussion. In his second and third assignments of error, defendant asserts that the trial court erred when it refused to instruct the jury that "'resisting arrest' does not constitute interference with a peace officer," and when it prohibited him from "arguing a resisting-arrest defense." The state concedes that the court "should have allowed defendant to argue to the jury that his conduct would constitute resisting arrest" and not interfering with a peace officer. *See* ORS 162.247(3) (crime of interfering with a peace officer does not apply in situations in which a person is engaging in "[a]ctivity that would constitute resisting arrest under ORS 162.315"). We agree, and accept the state's concession and, for that reason, reverse defendant's conviction on Count 3 and remand for a new trial on that charge. Accordingly, we need not address whether the court should have given the jury instruction in question.

Finally, in his fourth assignment of error, defendant argues that the trial court erred in imposing unitary assessments on each of his convictions because the statute that provided for those assessments was repealed before he was sentenced. *See former* ORS 137.290(2)(b) (2009), *repealed by* Or Laws 2011, ch 597, § 118. The state agrees that the trial court erred in imposing the unitary assessments because the statute providing for those assessments was no longer in effect when the sentence was imposed. We agree and accept the state's concession.

Conviction on Count 3 reversed and remanded; remanded for resentencing; otherwise affirmed.