Submitted March 26, remanded for entry of a judgment omitting the $500 unitary assessment on the attempted murder conviction; otherwise affirmed May 29, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LUIS FERNANDO ROMAN-GONZALEZ,
*Defendant-Appellant.*

Washington County Circuit Court
C112339CR; A151848

328 P3d 735

Peter Gartlan, Chief Defender, and Jedediah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and DeVore, Judge, and Edmonds, Senior Judge.

PER CURIAM

**PER CURIAM**

Defendant appeals and seeks reversal of his convictions for attempted murder with a firearm, first-degree assault with a firearm, and unlawful use of a weapon with a firearm.[1] In his first assignment of error, defendant contends that the trial court erroneously admitted evidence that defendant had engaged in plea discussions with the district attorney. In his second, third, fourth, and fifth assignments of error, defendant challenges the trial court's admission of several of the state's exhibits at trial. We reject defendant's first through fifth assignments of error without further discussion. We write only to address defendant's sixth assignment of error in which he contends that the trial court committed plain error in imposing a $500 unitary assessment for the crime of attempted murder, relying on *State v. Becker*, 171 Or App 721, 722, 15 P3d 1264 (2000), for the proposition that *former* ORS 137.290(2)(b) (2009)[2] does not authorize a unitary assessment for "an attempt crime."

The state concedes that, for the reasons advanced by defendant, the trial court committed plain error when it imposed the assessment. We agree and accept the state's concession. *See* ORAP 5.45(1); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) (court has discretion to review unpreserved error of law apparent on the face of the record). For the reasons expressed in *State v. Rowling*, 259 Or App 290, 291, 213 P3d 386 (2013), *rev den*, 354 Or 735 (2014), we exercise our discretion to correct the error in this case.

Remanded for entry of a judgment omitting the $500 unitary assessment on the attempted murder conviction; otherwise affirmed.

---

[1] Defendant also entered a guilty plea to, and was convicted of, unlawful possession of methamphetamine, which he does not challenge on appeal.

[2] *Former* ORS 137.290 (2009) was repealed by the legislature in Oregon Laws 2011, chapter 597, section 118. Defendant's crimes occurred before the operative date of the repeal, but he was convicted and sentenced after that date. Defendant does not challenge the imposition of the assessment on the basis that the statute had been repealed when the court imposed the assessment. Accordingly, we do not resolve the issue on that basis. *But see, State v. Wills*, 260 Or App 440, 441, 317 P3d 407 (2013) (accepting state concession that the trial court erred in imposing unitary assessment because *former* ORS 137.290(2)(b) was no longer in effect when the defendant was sentenced).