Submitted December 18, 2014, portion of judgment requiring defendant to pay unitary assessments reversed; otherwise affirmed February 19, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ADRIAN WILLIAMS,
*Defendant-Appellant.*

Multnomah County Circuit Court
110933689; A152597

344 P3d 1113

Peter Gartlan, Chief Defender, and Susan Fair Drake, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for felony driving under the influence of intoxicants (DUII), ORS 813.010, and reckless driving, ORS 811.140, which he committed in September 2011. In two assignments of error, defendant challenges the trial court's denial of his motion to suppress evidence derived from two warrantless blood draws taken from defendant at the hospital. We reject those assignments of error without discussion.

In two additional assignments of error, defendant challenges the trial court's imposition of a unitary assessment of $132 on the DUII count and $102 on the reckless driving count. Defendant contends that the amounts imposed suggest that the trial court combined a unitary assessment and a $35 surcharge on each count. *See former* ORS 137.290 (2009), *repealed by* Or Laws 2011, ch 597, § 118 (setting out unitary assessments); Or Laws 2009, ch 659, § 2, *compiled as a note after* ORS 137.290 (2009) (setting out temporary offense surcharges). Defendant argues that the trial court was not authorized to impose the unitary assessments because the statute authorizing those assessments had been repealed before defendant committed his crimes and was no longer effective at the time of his sentencing. Or Laws 2011, ch 597, § 118 (repeal of *former* ORS 137.290 became operative on January 1, 2012). Defendant also argues that the trial court was not authorized to impose the surcharges because they only applied to offenses committed between October 1, 2009 and July 1, 2011. Or Laws 2009, ch 659, § 2. The state concedes the error with regard to imposition of the unitary assessments, but argues that the trial court did have authority to impose $35 surcharges because, in 2011, the legislature extended the surcharge to apply to offenses committed before January 1, 2012. Or Laws 2011, ch 597, § 150.

We disagree with the parties' characterization of the monetary obligations imposed. The trial court did not separate out in the judgment portions of the obligations as "unitary assessments" and "surcharges," which are authorized by different statutes. Instead, the trial court solely imposed "unitary assessments" in the total amounts of $132

on the DUII count and $102 on the reckless driving count. We agree with the state that the trial court was not authorized to impose unitary assessments on defendant. *See State v. Wills*, 260 Or App 440, 441, 317 P3d 407 (2013) (accepting state concession and reversing requirement to pay unitary assessments because *former* ORS 137.290 was no longer in effect when the sentence was imposed). Accordingly, we reverse the imposition of the unitary assessments.

Portion of judgment requiring defendant to pay unitary assessments reversed; otherwise affirmed.