STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CRUCITA WHITE,
*Defendant-Appellant.*

Marion County Circuit Court
12C46342; A154246

344 P3d 255

Peter Gartlan, Chief Defender, and Kali Montague, Deputy Public Defender, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction, after a bench trial, of driving while under the influence of intoxicants (DUII), ORS 813.010 (Count 2).[1] Defendant was sentenced to 18 months of bench probation and ordered to pay a $1,000 fine, a $100 bench probation fee, a $227 DUII conviction fee, and $310 in court-appointed attorney fees. Defendant first contends that the trial court erred in ordering her to pay the fine and fees because the trial court did not announce them in open court. Defendant also contends that the trial court erred in ordering her to pay court-appointed attorney fees without considering her ability to pay. Defendant acknowledges that she did not preserve her claims of error, but contends that, because she did not have an opportunity to object, the preservation doctrine does not apply.

At the sentencing hearing, the state sought 18 months of bench probation with "all of the standard DUII conditions including treatment and the Victim Impact Panel" and "[a]ll the other general conditions that are normally asked for ***. There is a standard $1,000 fine that goes with this and a required $227 DUII assessment." The state also sought restitution, 48-hours jail time, and another fine for refusal to take a breath test. After a discussion in which the trial court denied restitution and imposed community service instead of jail time, the court stated, "I am not going to impose any fine on the breath test. I'm just going to discharge that and post the other obligations that have been outlined." Both parties then told the court that there was nothing else that needed to be covered.

At the hearing, the state expressly recommended the imposition of the $1,000 fine and the $227 DUII conviction fee. And, as part of the recommended 18-month bench probation, which the court imposed, the state recommended the standard DUII conditions and all other general conditions that go with such a sentence. One of those "general conditions" is the required payment of a $100 bench probation supervision fee. ORS 137.540(1)(a); ORS 137.540(7).

---

[1] The trial court dismissed Counts 1 and 3.

Thus, the fine, DUII fee, and probation fee were part of "the other obligations that have been outlined" that the trial court imposed orally at the sentencing hearing. Accordingly, we reject defendant's assignments of error with respect to those terms because they were part of the orally pronounced sentence.

However, we agree with and accept the state's concession that we should correct the trial court's error in imposing the court-appointed attorney fees. That fee was not recommended by the state at the hearing, and the trial court did not impose that fee orally at the hearing. *See State v. Johnson*, 260 Or App 176, 177, 316 P3d 432 (2013) (accepting state's concession that trial court's failure to impose court-appointed attorney fees orally at sentencing was plain error that should be corrected).

Portion of judgment requiring defendant to pay court-appointed attorney fees reversed; otherwise affirmed.