Submitted November 15; portion of judgment imposing $200 fine and $100
bench probation fee reversed, otherwise affirmed December 14, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CYNTHIA ANN HURST,
*Defendant-Appellant.*

Multnomah County Circuit Court
14CR16374; A159323

385 P3d 1285

Ernest G. Lannet, Chief Defender, Criminal Appellate
Section, and Laura E. Coffin, Deputy Public Defender, Office
of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman,
Solicitor General, and Nani Apo, Assistant Attorney General,
filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and
Garrett, Judge.

## PER CURIAM

Defendant was convicted after being found guilty of two counts of violating a stalking protective order, both misdemeanors. At sentencing, the court announced that it would impose 12 months of formal probation, including, as conditions, community service, no contact with the victim, and counseling as directed by her probation officer. In the written judgment, the court also imposed a $200 fine and a $100 fee for bench probation, even though the court had not announced those additional financial obligations in open court.

On appeal, defendant argues that the trial court erred in denying her motion for a judgment of acquittal on one of the counts. We reject that argument without published discussion. In her remaining assignments of error, defendant argues that the trial court erred in imposing the $200 fine and the $100 fee without announcing them on the record, and, further, that the $100 fee for bench probation was erroneous because defendant was not, in fact, sentenced to bench probation. The state concedes that the trial court erred by imposing the fine and fee, and it urges us to reverse those parts of the judgment but otherwise affirm. *See State v. Johnson*, 260 Or App 176, 177, 316 P3d 432 (2013) (accepting state's concession that "the court erred in entering a judgment ordering defendant to pay $230 for his court-appointed attorney because it had not imposed that term orally and that the error should be corrected"); *cf.* ORS 137.540(7) (authorizing $100 fee when the court orders that "probation be *supervised by the court*" (emphasis added)). We agree with and accept the state's concession of error on the fine and the fee, as well as the state's proposed disposition. Accordingly, we reverse the judgment insofar as it imposes the $200 fine and $100 fee, and we otherwise affirm.

Portion of judgment imposing $200 fine and $100 bench probation fee reversed; otherwise affirmed.