## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DALE EUGENE BROOKS,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR1400824; A159766

396 P3d 302

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kali Montague, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

## DUNCAN, P. J.

Defendant appeals the trial court's judgment convicting him of three counts of first-degree sexual abuse, ORS 163.427, a Class B felony. Defendant committed the crimes between 2006 and 2008, and the trial court convicted and sentenced defendant in 2015. On each of the three counts, the trial court imposed $607 in unitary assessments,[1] $25 in county assessments,[2] and a $200 fine. On appeal, defendant challenges the trial court's imposition of the unitary assessments, county assessments, and fines. For the reasons explained below, we reverse the portions of the judgment imposing the $25 county assessments, and we otherwise affirm.

We begin with defendant's challenge to the $607 unitary assessments. Defendant did not object to the unitary assessments, but asserts that the trial court plainly erred in imposing them. *See* ORAP 5.45(1) (authorizing review of errors apparent on the record). Specifically, defendant asserts that the trial court lacked authority to impose the unitary assessments because the statute authorizing their imposition was repealed before he was sentenced. As defendant points out, *former* ORS 137.290 (2009) authorized the assessments, but it was repealed by Oregon Laws 2011, chapter 597, section 118, which took effect on January 1, 2012, before defendant was sentenced in 2015. Defendant notes that the law that repealed *former* ORS 137.290 (2009) also repealed other statutes concerning the financial obligations courts can impose on a defendant and that the law specifically provided that some of the repeals applied "only to offenses committed on or after January 1, 2012," but did not include any such limitation on the repeal of *former* ORS 137.290 (2009). Therefore, defendant contends, the repeal of *former* ORS 137.290 (2009) applies to any person *sentenced after* January 1, 2012, even if the person is being

---

[1] Each of the $607 unitary assessments included a $107 felony assessment and a $500 chapter 163 assessment. *See former* ORS 137.290(1)(a), (2)(b) (2009), *repealed by* Or Laws 2011, ch 597, § 118.

[2] Each of the $25 county assessments included an $18 county jail assessment, a $2 law enforcement medical assessment, and a $5 state court facility assessment. *See former* ORS 137.309(2)(d), (7)(a)(C), (8)(a)(B) (2009), *repealed by* Or Laws 2011, ch 597, § 118.

sentenced for offenses *committed before* January 1, 2012. In support of his contention, defendant cites *State v. Wills*, 260 Or App 440, 441, 317 P3d 407 (2013), in which we accepted the state's concession that the trial court erred in imposing unitary assessments on the defendant's convictions pursuant to *former* ORS 137.290(2)(b) (2009) because that statute "was no longer in effect when the *sentence* was imposed." (Emphasis added.)

The state agrees with defendant, stating that, because *former* ORS 137.290 (2009) "was repealed *before defendant was sentenced* in this case, * * * the trial court plainly erred by imposing" the unitary assessments. (Emphasis added.) Like defendant, the state relies on *Wills*.

Because of a change in the law after the 2011 repeal of *former* ORS 137.290 (2009), we disagree with the parties' conclusions that the trial court erred by imposing the unitary assessments in this case. In 2012, the legislature enacted a law providing that the 2011 repeal of *former* ORS 137.290 (2009) "applies only to offenses committed on or after January 1, 2012." Or Laws 2012, ch 89, § 1, *compiled as a note after* ORS 137.268 (2013). Specifically, that law states, in part:

> "(2)   The repeal of ORS 137.290 by section 118, chapter 597, Oregon Laws 2011, applies only to offenses committed on or after January 1, 2012. Except as provided in this section, any offense committed before January 1, 2012 shall continue to be governed by ORS 137.290 as in effect immediately before January 1, 2012[.]"

That provision was effective March 27, 2012. *See* Or Laws 2012, ch 89, § 21 ("[T]his 2012 Act takes effect on its passage."). Thus, under Oregon Laws 2012, chapter 89, section 1, *former* ORS 137.290 (2009) remains applicable to offenses committed before January 1, 2012, at least to the extent that sentencing occurs after March 27, 2012. Here, defendant's crimes were committed between 2006 and 2008 and he was sentenced in 2015. Thus, *former* ORS 137.290 (2009) applies to defendant's crimes, and the trial court did not err by imposing the $607 unitary assessments pursuant to that statute.

As mentioned, both parties rely on our decision in *Wills*, in which we accepted the state's concession that the trial court erred in imposing unitary assessments on the defendant pursuant to *former* ORS 137.290(2)(b) (2009) because that statute "was no longer in effect when the *sentence* was imposed." 260 Or App at 441 (emphasis added). The *Wills* opinion does not reference the dates of the defendant's crimes or sentencing, nor does it mention Oregon Laws 2012, chapter 89, section 1. Thus, it appears that, in *Wills*, the parties did not raise and we did not address the specific issue in this case, that is, whether *former* ORS 137.290 (2009) applies when a defendant commits crimes before January 1, 2012, but is sentenced after March 27, 2012.

Having concluded that the trial court did not err in imposing the $607 unitary assessments, we turn to defendant's challenge to the $25 county assessments. Defendant asserts, and the state concedes, that the trial court erred in imposing the county assessments because it did not impose them in open court; its first reference to them was in the written judgment. We agree with the parties that the trial court erred by imposing the fees outside of defendant's presence. *See* ORS 137.030 ("For the purpose of giving judgment, if the conviction is for * * * [a] felony, the defendant shall be personally present."); *see also, e.g., State v. Johnson*, 260 Or App 176, 177, 316 P3d 432 (2013) (accepting state's concession that trial court erred by imposing court-appointed attorney fees without first announcing them in open court); *State v. Jacobs*, 200 Or App 665, 671, 117 P3d 290 (2005) ("[T]he right conferred on a defendant by [ORS 137.030(1)] includes the right to have his sentence pronounced in open court."). Although defendant did not object to the imposition of the county assessments, as the parties agree, defendant did not have an opportunity to object and, therefore, preservation is not required. *See, e.g., Jacobs*, 200 Or App at 671 (holding that preservation is not required when a party has no notice of a court's intended action and is not present when the court acts).

In his final challenge to his sentence, defendant asserts that the trial court erred in imposing a $200 fine

on each count. Defendant argues that the trial court erred by imposing the fines without considering his ability to pay them. *See* ORS 137.286(3)[3] (establishing that a court may waive the fine for a felony "if the court finds that requiring payment of the minimum fine would be inconsistent with justice in the case" and that, in making that determination, "the court shall consider[,]" among other things, "[t]he financial resources of the defendant * * * with due regard to the other obligations of the defendant"); *see also* ORS 161.645 (similarly providing that, "[i]n determining whether to impose a fine and its amount, the court shall consider[,]" among other things, "[t]he financial resources of the defendant * * * with due regard to the other obligations of the defendant"); *State v. Packer*, 140 Or App 488, 491, 916 P2d 322 (1996) (holding that trial court violated ORS 161.645 by imposing a fine without considering the defendant's ability to pay the fine). Defendant did not object to the fines, which were announced in open court. Consequently, he seeks plain error review of them.

At sentencing, the trial court explained the financial obligations that it was (and was not) imposing, stating:

"The unitary assessments will be imposed on Counts 1, 2, and 4, as will the $200 fine on each of the three counts.

"I've heard nothing regarding the defendant's ability to pay court-appointed attorney fees. Given the lengthy prison sentence that I have imposed, I will decline to impose any court-appointed attorney fees."

Defendant asserts that the trial court erred in imposing the $200 fines, because "despite having determined that defendant did not have the ability to pay court-appointed attorney fees, the trial court failed to consider whether defendant had the ability to pay the court-imposed fines." Defendant further asserts that the evidence is that he will not be able to pay the fines because he is disabled, has a long history of unemployment, and was sentenced to 15 years in prison.

The state responds that defendant has not established that the trial court plainly erred. *See State v. Brown,*

---

[3] ORS 137.286 has been amended since defendant was sentenced; however, because those amendments do not affect our analysis, we refer to the current version of the statute in this opinion.

310 Or 347, 355, 800 P2d 259 (1990) (identifying requirements for plain error review, including that the error be apparent "on the face of the record," such that the reviewing court "need not go outside the record or choose between competing inferences to find it"). According to the state, it is not obvious that, as defendant contends, the trial court failed to consider defendant's ability to pay. The state argues that the trial court's decision to impose some financial obligations, but not others, supports an inference that the trial court considered defendant's ability to pay when it imposed the $200 fines. Thus, the state concludes, any error is not apparent on the record, "because to determine whether the trial court erred, this court would have to 'go outside the record' and 'choose between competing inferences.'" (Quoting *Brown*, 310 Or at 355.) We agree with the state. The record supports an inference that the trial court selected which financial obligations to impose in light of defendant's circumstances; thus, defendant has failed to establish that the trial court plainly erred in imposing the $200 fines.

Portions of judgment requiring defendant to pay the $25 county assessments reversed; otherwise affirmed.