TOOKEY, P. J.
*371 In this consolidated appeal, defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII) and an amended judgment of conviction, entered in a separate case, for reckless driving and DUII. ORS 811.140 ; ORS 813.010. Defendant's DUII and reckless driving convictions are Class A misdemeanors. ORS 811.140(3) ; ORS 813.010(4). As reflected in the judgments, among other terms, the trial court sentenced defendant to pay a $1,755 "fine" for each DUII conviction. Defendant challenges those fines, arguing that they are impermissible because they exceed the $1,500 fine for each DUII conviction that the trial court pronounced at her sentencing hearing. The state concedes, and we agree, that the trial court erred by imposing fines in the judgments in excess of those pronounced at the sentencing hearing. Thus, the only issue to resolve on this appeal is the proper scope of remand. Defendant urges us to "reverse and remand for entry of corrected judgments that impose a $1,500 fine for each of the DUII charges." The state argues that we should reverse and "remand the case for further proceedings." For the reasons that follow, we vacate that portion of each judgment of conviction that requires defendant to pay a $1,755 fine for each of her DUII convictions, remand for resentencing, and otherwise affirm.[1]
The relevant facts are not in dispute. After a jury found defendant guilty of one count of reckless driving and two counts of DUII, the trial court held a sentencing hearing. During that hearing, after inquiring as to whether defendant was employed and had a source of income, the trial court told defendant that it would impose a $1,500 fine for each DUII conviction.[2] See ORS 813.010(6) (setting out fines for DUII convictions). The trial court also informed defendant that it would not require her to pay court-appointed attorney fees. The trial court did not, however, address the $255 fee that it was required to impose under ORS 813.020(1) and *372 ORS 813.030 absent a finding that defendant was indigent. See ORS 813.020(1) (providing that, when a person is convicted of DUII, the "court shall require the person" to pay "to the court the fee described under ORS 813.030"); ORS 813.030 ("The fee required by ORS * * * 813.020(1) shall be in the amount of $255, except that the court may waive all or part of the fee in cases involving indigent defendants."). The trial court subsequently entered judgments imposing a fine of $1,755 for each DUII conviction. Defendant acknowledges that the difference between the $1,500 fine specified when the court pronounced her sentence and the $1,755 fine reflected in each judgment "may reflect the $255 fee specified by ORS 813.020(1) and ORS 813.030," but maintains that "the court's comments at sentencing suggest that it intended to waive fees due to defendant's indigence."
As an initial matter, we note that, although defendant did not preserve her challenge to the additional $255 fines reflected in the judgments, she did not need to because she did not have notice or an opportunity *825 to do that before entry of the judgments. See State v. Lewis , 236 Or. App. 49, 52, 234 P.3d 152, rev. den. , 349 Or. 172, 243 P.3d 70 (2010) (holding "preservation was not required" when the challenged portions of the defendant's sentence were not announced in open court, but instead simply appeared on the face of the judgment).
We review sentencing decisions for legal error. State v. Beckham , 253 Or. App. 609, 612, 292 P.3d 611 (2012). Because defendant is appealing misdemeanor sentences after trial, our disposition is governed by ORS 138.040, which mandates that, where the disposition imposed by the trial court "exceeds the maximum allowable by law," we are to "direct the court from which the appeal is taken to impose the disposition that should be imposed." ORS 138.040.[3]
*373 The parties cite scant authority in support of their respective positions on the proper scope of remand. Defendant argues that under ORS 138.222(5)(a) resentencing is not required here and that we should "reverse and remand for entry of corrected judgments that impose a $1,500 fine for each of the DUII charges." The problem with defendant's argument is that ORS 138.222"applies only in felony sentencing," Beckham , 253 Or. App. at 615, 292 P.3d 611, and defendant was convicted of misdemeanors. The state's argument suffers from a similar problem. The state argues that remanding the case for further proceedings is appropriate given our decision in State v. Johnson , 260 Or. App. 176, 316 P.3d 432 (2013). Johnson provides little guidance, however, because the defendant in Johnson was appealing a judgment revoking his probation and imposing a sentence of incarceration for a felony crime. Accordingly, our decision regarding remand there was under ORS 138.222, not ORS 138.040.
As we have recognized previously, the mandate of ORS 138.040 that we are to "direct the court from which the appeal is taken to impose the disposition that should be imposed" does not address the question presented here: What disposition "should be imposed" when a trial court failed to follow proper procedure before imposing a sentence? See Beckham , 253 Or. App. at 616-17, 292 P.3d 611 (noting the text of ORS 138.040 did not resolve the question whether, when a trial court awards restitution without holding a hearing and after the 90-day deadline to hold a hearing has lapsed, the disposition that "should be imposed" is "(1) * * * an award of restitution, in an amount determined by the trial court after a hearing on the evidence, if the trial court determines on remand that there was good cause to extend the statutory 90-day period to determine restitution; or (2) * * * no award of restitution"). In analyzing the dispositional question, we "turn to the underlying statute and the nature of the trial court's decision." Id. at 617, 292 P.3d 611. If we conclude that reversal and remand for entry of corrected judgments, rather than remanding for further proceedings, would "frustrate [a] clear legislative goal," we vacate and remand to allow the trial court to make a determination regarding the proper disposition. See id. at 617-19, 292 P.3d 611.
*374 Here, as noted above, we agree with the parties that the trial court erred when it included in the judgments of conviction a monetary penalty that exceeded by $255 the fines announced at the sentencing hearing. See, e.g. , State v. Sankey , 289 Or. App. 846, 847, 409 P.3d 73 (2018) (error to impose $100 bench probation fee and $255 DUII conviction fee "outside presence of defendant"); State v. Hurst , 282 Or. App. 915, 916, 385 P.3d 1285 (2016) (error to impose $200 fine that was not "announced * * * in open court"); State v. White , 269 Or. App. 255, 257, 344 P.3d 510 (2015) (error to impose court-appointed attorney fees where the trial court *826 "did not impose that fee orally at the [sentencing] hearing"); see also ORS 137.020(1) (requiring that, after "a plea or verdict of guilty," the trial court "appoint a time for pronouncing judgment").
Defendant acknowledges that the $255 difference between the fines imposed at sentencing and the monetary penalty reflected in the judgments may reflect the trial court's imposition of the $255 fee that it was required to impose under ORS 813.020(1) and ORS 813.030 absent a finding that defendant was indigent. Those statutes reflect a clear legislative goal that a $255 fee be imposed against every defendant convicted of DUII who is not indigent, and, when a defendant is indigent, the trial court is to exercise its discretion to decide whether to impose the fee. See ORS 813.020(1) (mandating that when a person is convicted of DUII the "court shall require " the person to pay "the fee described under ORS 813.030" (emphasis added) ); ORS 813.030 (providing that the "fee required by ORS * * * 813.020(1)shall be in the amount of $255, except that the court may waive all or part of the fee in cases involving indigent defendants" (emphases added) ); cf. Beckham , 253 Or. App. at 617-18, 292 P.3d 611 (holding "the legislature's desire that victims ultimately be awarded the restitution to which they are entitled" is "plainly evident from the text" of ORS 137.106(1), under which the court "must order the defendant to pay the victim restitution in an amount that equals the full amount of the victim's economic damages * * * unless the victim consents otherwise" (emphasis in original; internal quotation marks omitted) ). Here, there is no record of the trial court waiving the $255 fee. Accordingly, we believe that disposing *375 of this appeal with a directive to the trial court to impose only a $1,500 fine, as defendant requests, would frustrate the legislative goal reflected in ORS 813.020(1) and ORS 813.030.
We recognize that it is also possible that the $255 difference between the judgments pronounced at the sentencing hearing and the monetary penalties imposed in the written judgments of conviction is merely a mistake by the trial court, and that the trial court intended to waive the $255 fee required by ORS 813.020(1) and ORS 813.030. If that were the case, and the trial court had expressed its intention to waive the fees, it would not be necessary for us to remand for resentencing. See Sankey , 289 Or. App. at 847, 409 P.3d 73 (reversing portion of a judgment imposing a $255 DUII conviction fee and a $100 bench probation fee without remanding for resentencing when the trial court had "declared" that it would "waive all fees"). On this record, however, we cannot discern the trial court's intentions, because the fee required by ORS 813.020(1) and ORS 813.030 was neither expressly waived nor imposed. Accordingly, remanding this case for resentencing is appropriate. See State v. Frier , 264 Or. App. 541, 549-50, 333 P.3d 1093 (2014) (remanding for resentencing where the record was unclear whether the trial court had impermissibly imposed a $2,000 fine believing the fine was mandatory, or permissibly imposed a $2,000 fine recognizing that it had discretion to do so).
Portion of each judgment of conviction requiring defendant to pay a $1,755 fine vacated; remanded for resentencing; otherwise affirmed.

Defendant also assigns error to the trial court's denial of her motion to sever. We reject that assignment of error without discussion.

The transcript filed with the appeal in these cases does not reflect defendant's response to the trial court's questions regarding her finances.

In 2017, the legislature enacted Senate Bill (SB) 896. That bill repealed or amended many statutes in ORS chapter 138, which concerns appeals by defendants and the state from circuit courts to the Court of Appeals and the Supreme Court in criminal cases. Because the judgments on appeal in this case were entered before January 1, 2018, the effective date of SB 896, its provisions do not apply in this case. Or. Laws 2017, ch. 529, § 28 (providing that section 26 of SB 896, repealing ORS 138.040 and ORS 138.222, applies "on appeal from a judgment or order entered by the trial court on or after the effective date of this 2017 Act"). Throughout this opinion, all references to statutes in ORS chapter 138 are to the version in effect immediately preceding the effective date of SB 896.