PER CURIAM
*481 In this consolidated criminal appeal, defendant seeks reversal of the trial court's imposition of $567 in court-appointed attorney fees in Case No. 17CR22672 and $690 in court-appointed attorney fees in Case No. 17CR38868. Defendant asserts, and the state concedes, that the trial court erred in imposing attorney fees in this case because it did not impose them in defendant's presence in *98 open court. Instead, the imposition of attorney fees in the amounts listed above first occurred in the written judgments. We agree with the parties that the trial court erred when it imposed the attorney fees outside of defendant's presence.[1] See State v. White , 269 Or. App. 255, 257, 344 P.3d 510 (2015) (reversing portion of judgment requiring payment of attorney fees where the trial court erred in imposing those fees in judgment but had not imposed them in open court); see also ORS 137.030 ("For the purpose of giving judgment, if the conviction is for *** [a] felony, the defendant shall be personally present.").[2]
Portion of judgments requiring defendant to pay attorney fees reversed; otherwise affirmed.

Because we agree that the trial court erred in imposing court-appointed attorney fees without first announcing the amount of fees in defendant's presence in open court, we do not address his contention that the fee award was error in the absence of a finding and evidence that he is or may be able to pay them.

In 2017, the legislature enacted Senate Bill (S.B.) 896. That bill repealed or amended many statutes in ORS chapter 138, which governs appeals by defendants and the state from circuit court to the Court of Appeals or the Supreme Court in criminal cases. Because the judgments on appeal were entered before the January 1, 2018, effective date of S.B. 896, its provisions do not apply in this case. Or. Laws 2017, ch. 529, § 28 (providing that S.B. 896 applies "on appeal from a judgment or order entered by the trial court on or after the effective date of this 2017 Act").