PER CURIAM
*405 Appealing a judgment of conviction for two misdemeanor counts of disorderly conduct for "mak[ing] unreasonable noise," ORS 166.025(1)(b), defendant assigns error to the trial court's (1) denial of her motion for judgment of acquittal on both counts, (2) failure to, in effect, correctly instruct itself on the applicable legal standard for assessing defendant's guilt on the charges, and (3) imposition of two consecutive five-year probation terms.
We reject defendant's first two assignments of error without further discussion. We vacate and remand for resentencing on the third assignment of error, on which the state, correctly, has conceded error. Defendant's aggregate term of probation is 10 years. But the trial court was not authorized to impose a term of probation that exceeded a total of five years. See ORS 137.010(3), (4) (allowing for term of probation not to exceed five years); State v. Marsh , 78 Or. App. 290, 294, 716 P.2d 261, rev. den. , 301 Or. 320, 721 P.2d 1388 (1986) (construing ORS 137.010 as limiting the term of probation to a period of five years starting at the date of imposition of sentence). Although defendant did not preserve her assignment of error, the error is one that is plain, that is, obvious in view of the terms of the statute and our case law. We further conclude that we should exercise our discretion to correct that error because its gravity is significant; absent correction of the error, defendant would be subject to a significantly longer sentence.
The parties are not in agreement as to the proper disposition. Defendant asserts that the correct disposition is for us to remand to the trial court for entry of a judgment that does not run the terms of probation consecutively. The state contends that, on this record, we should vacate and remand for resentencing because it is not clear what the trial court would have done had it recognized the limits of its authority with respect to the probationary term it could impose. We agree with the state that the record does not disclose what disposition the trial court would have chosen had it recognized the limits on the total term of probation. For that reason, as was the case in State v. Tison , 292 Or. App. 369, 372-73, 424 P.3d 823, rev. den. , 363 Or. 744, 430 P.3d 567 (2018), *406 which, like this case, was an appeal governed by former ORS 138.040 (2015),[1] we conclude that the appropriate disposition of this appeal is to vacate the portion of the judgment imposing the unlawful terms of defendant's sentence and remand for resentencing.
Portion of judgment imposing consecutive terms of probation vacated; remanded for resentencing; otherwise affirmed.

ORS 138.040 (2015) was repealed in 2017 but governs this case because the judgment on appeal was entered before January 1, 2018, the effective date of the new legislation. Or. Laws 2017, ch. 529, § 28; Tison , 292 Or. App. at 372 n. 3, 424 P.3d 823 (making that point).