Submitted August 7; portion of judgment in Case No. 19CR08564 requiring defendant to pay attorney fees reversed, otherwise affirmed October 28, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ESTELLA MARIA CABALLERO,
*Defendant-Appellant.*

Washington County Circuit Court
18CR65071, 19CR08564;
A170925 (Control), A170939

477 P3d 441

Theodore E. Sims, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Portion of judgment in Case No. 19CR08564 requiring defendant to pay attorney fees reversed; otherwise affirmed.

## PER CURIAM

Defendant was convicted of unauthorized use of a vehicle, ORS 164.135, and was sentenced to 18-months of incarceration and ordered to pay $650 in court-appointed attorney fees. Defendant appeals that judgment, arguing that the trial court erred in imposing the attorney fees.[1]

Defendant contends that the trial court plainly erred in imposing $650 in court-appointed attorney fees in the absence of a record that defendant "is or may be able to pay" them. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."); *see also* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * *, provided that the appellate court may, in its discretion, consider a plain error."). The state concedes the error. We agree with the parties and accept the state's concession that the record contains no evidence of defendant's ability to pay the imposed attorney fees and, therefore, that the trial court plainly erred. *See State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (concluding that the trial court committed plain error in imposing court-appointed attorney fees where the record was silent as to the defendant's ability to pay those fees).

Furthermore, where defendant was sentenced to 18-months' incarceration and the record contains no information that she is or may be able to pay the attorney fees, the gravity of the error justifies exercising our discretion to correct it. *See Coverstone*, 260 Or App at 716-17 (exercising discretion to correct plain error in imposing $8,000 in attorney fees where the defendant was sentenced to "lengthy" prison term and the record contained no evidence of the defendant's financial resources); *State v. Harris*, 293 Or App

---

[1] This consolidated appeal includes two cases: 19CR08564 and 18CR65071. The latter case, 18CR65071, is a probation that was revoked at the time of defendant's sentencing on case 19CR08564. Defendant does not challenge any ruling contained in that judgment revoking probation.

110, 112, 426 P3d 252 (2018) (exercising discretion to correct plain error in imposing $642 in attorney fees).

Portion of judgment in Case No. 19CR08564 requiring defendant to pay attorney fees reversed; otherwise affirmed.