Submitted April 6; portion of judgment requiring defendant to pay a $255 intoxicant conviction fee vacated, remanded for resentencing, otherwise affirmed May 19, 2021.

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**CHARLOTTE RANAE GLICKERT,**
*Defendant-Appellant.*

Lincoln County Circuit Court
18CR09346; A171827

492 P3d 141

Amanda R. Benjamin, Judge pro tempore.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Portion of judgment requiring defendant to pay a $255 intoxicant conviction fee vacated; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant was convicted of one count of possession of methamphetamine, ORS 475.894, and one count of driving under the influence of intoxicants (DUII), ORS 813.010.[1] Defendant appeals, raising three assignments of error. We reject her first and second assignments without discussion and write to address only her third assignment of error, in which she asserts that the trial court erred in imposing a $255 "intoxicant conviction fee" in the judgment of conviction when it had not orally imposed that monetary obligation in her presence. Defendant contends, and the state acknowledges, that defendant was not required to preserve that claim of error under the circumstances here. *State v. Lewis*, 236 Or App 49, 52, 234 P3d 152, *rev den*, 349 Or 172 (2010) (preservation not required where error raised on appeal appeared for the first time in the judgment). The state concedes that the trial court erred by imposing the $255 fee for the first time in the judgment. We agree with and accept the state's concession. *See State v. Tison*, 292 Or App 369, 374, 424 P3d 823, *rev den*, 363 Or 744 (2018) (trial court erred in sentencing the defendant for DUII convictions "when it included in the judgments of conviction a monetary penalty that exceeded by $255 the fines announced at the sentencing hearing").

The parties disagree as to the proper remedy. Defendant asserts that we should reverse and remand for entry of a corrected judgment imposing a $1,000 fine for the DUII conviction. The state asserts, on the other hand, that we should remand for resentencing. In the state's view, the additional $255 imposed by the trial court is likely the $255 fee specified by ORS 813.020(1) and ORS 813.030, and because the record is unclear as to whether the court intended to waive that fee and mistakenly included it[2] or whether it intended to impose it, a remand for resentencing is appropriate. Based on the record here, we agree with the state. *See Tison*, 292 Or App at 375 (remanding for resentencing when record

---

[1] Defendant was acquitted by the jury of one count of delivery of methamphetamine.

[2] ORS 813.030 provides, in part, that "[t]he fee required by ORS 471.432 and 813.020(1) shall be in the amount of $255, except that the court may waive all or part of the fee in cases involving indigent defendants."

was unclear whether trial court intended to impose or waive $255 fee required by ORS 813.020(1) and ORS 813.030).

Portion of judgment requiring defendant to pay a $255 intoxicant conviction fee vacated; remanded for resentencing; otherwise affirmed.