***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted August 17, affirmed December 14, 2022, petition for
review allowed May 18, 2023 (371 Or 106)
See later issue Oregon Reports

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## CARLOS ALBERTO QUEBRADO,
*Defendant-Appellant.*

Washington County Circuit Court
19CR34736; A174385

Ricardo J. Menchaca, Judge.

Morgen E. Daniels, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals from a judgment of conviction, after a jury trial, for second-degree assault, ORS 163.175, unlawful use of a weapon, ORS 166.220, and fleeing or attempting to elude a police officer, ORS 811.540(1)(b)(A). Defendant asserts eight assignments of error. For the following reasons, we affirm.

*Simultaneous video.* In his first assignment of error, defendant asserts that the trial court violated his right to a public trial because the jury could not see the spectators via simultaneous video. We reject defendant's argument. When defendant raised the issue to the trial court, he explicitly stated that he was only commenting about the situation, not asking the court to take any action. Accordingly, defendant made no objection in the trial court and the argument is unpreserved. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) ("[A] party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted.").

*Masks.* Defendant's second assignment of error asserts that the trial court violated his right to confront witnesses when it did not require two witnesses to remove their masks while they testified. Because defendant failed to make a timely objection when the witnesses testified, we reject his argument as unpreserved.

*Co-conspirator statement.* In his third assignment of error, defendant argues that the trial court erred when it allowed E, D, and a detective to testify that following an altercation with E in a bar, defendant's girlfriend said "Not here" to defendant as he rummaged through his car. The trial court overruled defendant's hearsay objection to E's testimony and admitted the statement as a co-conspirator statement.

Whether evidence is hearsay is a question of law. *State v. Kaino-Smith*, 277 Or App 516, 523, 371 P3d 1256 (2016). A statement made by a co-conspirator of a party during the course and in furtherance of the conspiracy is not

hearsay. OEC 801(4)(b)(E). Thus, to admit a co-conspirator statement, a trial court must find by a preponderance of the evidence that: (1) there was a conspiracy and the accused and declarant were members of that conspiracy; (2) the statement was made "during the course" of the conspiracy; and (3) the statement was made "in furtherance of the conspiracy." *State v. Cornell*, 314 Or 673, 677, 842 P2d 394 (1992). A criminal conspiracy exists when, "with the intent that conduct constituting a crime punishable as a felony or a Class A misdemeanor be performed, [a] person agrees with one or more persons to engage in or cause the performance of such conduct." ORS 161.450(1).

On review, we determine whether there was sufficient evidence to support the trial court's finding that defendant's girlfriend's statement was admissible under OEC 801(4)(b)(E). *See Cornell*, 314 Or at 678. "In making this determination, '[w]e view the record consistent with the trial court's ruling * * *, accepting reasonable inferences and reasonable credibility choices that the trial judge could have made.'" *Id.* (quoting *State v. Carlson*, 311 Or 201, 214, 808 P2d 1002 (1991)).

Viewing the record consistently with the trial court's ruling, we conclude the evidence was sufficient for the trial court to determine that: (1) defendant and his girlfriend were members of a conspiracy to assault E and D; (2) the conspiracy existed when defendant rummaged through his car; and (3) his girlfriend's statement encouraged defendant to further the conspiracy by taking future action. Therefore, the trial court did not err in admitting the evidence.

*Motions for mistrial and to strike.* Defendant's fourth and fifth assignments of error assert that the trial court erred when it denied his motion for mistrial and motion to strike. Considering the totality of the circumstances, we conclude that defendant's motions were untimely. *See State v. Sprow*, 298 Or App 44, 49, 445 P3d 351 (2019). Accordingly, we reject defendant's arguments because they were not preserved.

*Prior inconsistent statements.* Defendant's sixth assignment of error contends the trial court erred when it denied defendant's motion to admit certain statements

that his girlfriend made during jail calls and to a detective. Relying on OEC 806, defendant sought to impeach his girlfriend's "I'm going to kill you" and "Not here" statements with her assertions that she was the only person in the car who used a gun, acted in self-defense, and intended to scare E and D rather than kill them.

We review a trial court's evidentiary ruling for errors of law. *State v. Ramirez,* 310 Or App 62, 63, 483 P3d 1232 (2021).

An "attack on the declarant's credibility must be by means of an *inconsistent* statement." *Pinnell v. Palmateer*, 200 Or App 303, 313, 114 P3d 515 (2005) (emphasis in original). An inconsistent statement must offer a "material variance" from witness testimony. *Ramirez*, 310 Or App at 66. Because the statements defendant sought to introduce do not materially differ from the statements that his girlfriend would kill E or that she and defendant should act later, the trial court did not err. *See id.*

*Jury instruction.* In his seventh assignment of error, defendant challenges the trial court's refusal to answer a jury question.

We review a trial court's refusal to give a requested jury instruction for errors of law. *State v. McNally*, 361 Or 314, 320, 392 P3d 721 (2017). We have explained that "'a trial court does not err in refusing to give a proposed instruction—even if legally correct—if the substance of the requested instruction is covered fully by other jury instructions given by the trial court ***.'" *State v. Roberts*, 293 Or App 340, 334, 427 P3d 1130 (2018) (quoting *State v. Harryman*, 277 Or App 346, 356-57, 371 P3d 1213, *rev den*, 360 Or 401 (2016)). Consequently, a court is not required to provide negative instructions that describe the circumstances when "an element might not be established." *Id.* at 346.

Here, the jury asked, "does not stopping a crime from occurring count as aiding and abetting?" Although defendant asked the trial court to respond, "No," the court referred the jury to the jury instructions. Because

defendant's request constitutes a negative instruction, the trial court did not err by refusing to provide it. *See id*.

*Extradition costs.* Defendant concedes that his eighth assignment of error is unpreserved but asks us to find that it is plain error and to exercise our discretion to correct the error. Plain-error review is a two-step process. We must first determine that the error is plain, which means that it is "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If those three elements are met, we then must determine whether to exercise our discretion to correct the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991).

We begin and end with the first step. Under ORS 161.665(4), a trial court cannot sentence a defendant to pay costs unless the court finds that "defendant is or may be able to pay them." However, when a court imposes some financial obligations but not others, the record "supports an inference that the trial court selected which financial obligations to impose in light of defendant's circumstances." *State v. Brooks*, 285 Or App 54, 59, 396 P3d 302 (2017).

Here, defendant stipulated to pay restitution and the trial court waived attorney fees because it found that defendant did not have the ability to pay them. The court also waived conviction fees but explicitly imposed extradition costs. Because we may infer that the court ordered extradition costs based on defendant's ability to pay them, there is no obvious error of law as required for plain-error review.

Affirmed.