354 November 20, 2024 No. 840

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHANE TYLER McVAY,
*Defendant-Appellant.*

Lane County Circuit Court
21CR61995; A180385

Michelle P. Bassi, Judge.

Submitted October 15, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and Mooney, Senior Judge.

HELLMAN, J.

Remanded for resentencing; otherwise affirmed.

**HELLMAN, J.**

Defendant appeals a judgment of conviction, entered after a bench trial, for first-degree manslaughter, ORS 163.118 (Count 1), driving under the influence of intoxicants (DUII), ORS 813.010(4) (Count 2), and two counts of recklessly endangering another person, ORS 163.195 (Counts 3 and 4). He raises two assignments of error, arguing that the trial court erred when it convicted him of first-degree manslaughter and when it ordered him to pay per diem fees. Because the trial court erred when it ordered defendant to pay the per diem fees, we remand for resentencing and otherwise affirm.

*First-degree manslaughter.* In his first assignment of error, defendant argues that the trial court erred because the state's evidence was legally insufficient to support a conviction under ORS 163.118(1)(a).[1] The state responds that defendant did not preserve his argument. Assuming, without deciding, that defendant's argument is preserved, we conclude that the trial court did not err.

"We state the facts in the light most favorable to the state and review those facts to determine whether a rational factfinder could find that the state proved the required elements beyond a reasonable doubt." *State v. Taylor*, 271 Or App 292, 293, 350 P3d 525 (2015).

At about 7:15 a.m. on September 20, 2021, defendant drove a log truck into oncoming traffic, causing collisions that killed one person and injured several others. After defendant pleaded guilty to DUII, the remaining charges were tried to the trial court. The trial court found defendant guilty on all charges.

On appeal, defendant argues that the state's evidence was legally insufficient to establish that the "circumstances of the offense manifested 'extreme indifference to the value of human life'" as required under ORS 163.118(1)(a). When construing that phrase, we have explained that it means "unconcern in a very high degree, exceeding the

---

[1] ORS 163.118(1)(a) provides that a person commits first-degree manslaughter when the person commits criminal homicide "recklessly under circumstances manifesting extreme indifference to the value of human life."

ordinary, that an act might cause the death of a human being." *State v. Ruiz*, 333 Or App 565, 566, 553 P3d 60 (2024) (internal quotation marks omitted). Further, it "describes a level of recklessness that is characterized by a willingness to commit an extremely dangerous act and an indifference as to whether that act could cause the death of another human being." *Id*.

We conclude that the state's evidence was legally sufficient. Defendant was traveling 62 miles per hour—17 miles per hour above the posted advisory speed—around a curve. Although defendant had stopped at a construction site before the curve, the state presented evidence that the log truck's front brakes had been disabled, that truck drivers have the ability to disable front brakes, and that defendant had inspected the truck before driving it that day. In addition, defendant was responsible for weighing the loaded truck, and it exceeded the maximum allowable weight that day.

The state also presented evidence that defendant had been convicted of DUII two years before the crash, and, as a result of his substance abuse treatment, he understood that he should stop drinking "at least eight to 10 hours before [he] had to go to work or get in a vehicle." Nevertheless, defendant admitted that he drank approximately five alcoholic beverages between 12:00 p.m. and 6:00 p.m. the day before the crash, that he felt intoxicated when he went to sleep at 7:00 p.m., and that if his vehicle still had an ignition interlock device, he likely could not have started it when he left for work at 2:00 a.m. Further, if defendant had consumed only five alcoholic beverages as he claimed, the blood sample that he provided three hours after the crash would have yielded a blood alcohol concentration (BAC) of "zero"; instead, defendant's BAC was .045.

We therefore reject defendant's characterization of his conduct and conclude that the state's evidence was legally sufficient to establish that the circumstances manifested "unconcern in a very high degree, exceeding the ordinary, that an act might cause the death of a human being." *Ruiz*, 333 Or App at 566 (internal quotation marks omitted); *State v. Alexander*, 273 Or App 659, 662, 359 P3d 512,

*rev den*, 358 Or 449 (2015) ("Several cases have addressed the 'extreme indifference' element in the context of driving while intoxicated, and support the proposition that a jury may find extreme indifference based on a defendant's intoxication combined with other evidence of his or her conduct."). The trial court did not err.

*Sentencing.* In his second assignment of error, defendant argues "the trial court erred when it ordered defendant to pay per diem fees in the judgment" as to Counts 2, 3, and 4 because the court "did not pronounce those fees at sentencing." The state responds that any error was harmless. "We review sentencing decisions for legal error." *State v. Tison*, 292 Or App 369, 372, 424 P3d 823, *rev den*, 363 Or 744 (2018).

"During the pendency of this appeal, we decided [*State v. Barr*, 331 Or App 242, 545 P3d 772, *rev den*, 372 Or 720 (2024)], which is controlling and requires that we remand for resentencing in this case." *State v. Schay-Vivero*, 333 Or App 168, 169, 552 P3d 150 (2024). "[B]ecause—as is the case here—the trial court 'did not address per diem fees at the sentencing hearing,'" *id.* at 169-70 (quoting *Barr*, 331 Or App at 244), we therefore remand for resentencing, based on the error in sentencing on Counts 2, 3, and 4.

Remanded for resentencing; otherwise affirmed.