804 May 20, 2026 No. 450

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JESUS ESTEBAN FLORES,
*Defendant-Appellant.*

Washington County Circuit Court
23CR45251; A184768

Brandon M. Thompson, Judge.

Submitted March 4, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Jentry Lanza, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Portion of judgment requiring defendant to pay attorney fees reversed; portion of judgment requiring defendant to pay per diem fees reversed and remanded for resentencing; otherwise affirmed.

**O'CONNOR, J.**

Defendant appeals a judgment of conviction for two counts of first-degree robbery, unlawful use of a weapon, and second-degree theft, and that imposed a sentence of 109 months' imprisonment. He assigns error to the trial court's exclusion of evidence under OEC 403 and to the imposition of attorney fees and per diem fees. We conclude that the trial court did not abuse its discretion under OEC 403 in excluding defendant's proffered evidence. We accept the state's concession that the trial court plainly erred in imposing attorney fees and per diem fees.

In his first assignment of error, defendant contends that the trial court erred in excluding evidence that one of the officers that arrested defendant had previously observed him in the midst of a mental health crisis. The trial court determined under OEC 403 that the probative value of that evidence was substantially outweighed by undue prejudice to the state and the risk of confusing the jury. We review a trial court's decision to admit or exclude evidence under OEC 403 for abuse of discretion. *State v. Titus*, 328 Or 475, 481, 982 P2d 1133 (1999).

During the pretrial hearing, the court reviewed surveillance videos of defendant at the mall where the offense conduct occurred, as well as bodycam footage of defendant's arrest. Defendant explained that he intended to present a diminished capacity defense to negate intent. *See* ORS 161.300 ("Evidence that the actor suffered from a qualifying mental disorder is admissible whenever it is relevant to the issue of whether the actor did or did not have the intent which is an element of the crime."). He offered a police report from one of the arresting officers who had an encounter with defendant approximately four months earlier. Among other things, that report describes defendant as frantic, paranoid, suffering from delusions, and having trouble focusing on the encounter with the officer because he kept looking at areas where hallucinations were occurring. Ultimately, the officer placed him on a mental health hold. Defendant explained to the court that he also intended to offer at trial his own testimony that—as was stated in the report—during that previous encounter, he was suffering from a major depressive

disorder with psychotic features, and he had not been taking his medication.

The court excluded the evidence under OEC 403 on the basis that the evidence of the previous incident would confuse the jury as to the requisite mental state for his conduct because there was no evidence suggesting that the hallucinations and delusions defendant was experiencing during the previous incident were present during the alleged offense. Although the court stated that the evidence would be "unduly prejudicial to the state," it did not identify any prejudice to the state beyond the risk of jury confusion resulting from the disconnect between the two incidents. Accordingly, we review the ruling to determine whether the trial court acted outside the bounds of its discretion in ruling that the risk of jury confusion substantially outweighed the probative value of the evidence.

Defendant argued only that the evidence was probative of his criminal intent based on his loud and aggressive behavior at the mall during the alleged offense, characterizing his conduct as "irrational." Defendant did not present evidence, or represent to the trial court, that the mental health issues he displayed during the previous encounter were ongoing or present at the time of the alleged offense. Moreover, it was not obvious from the conduct captured on the videos that the same or similar mental health issues defendant displayed during the previous encounter were present. On this record, the trial court acted within its discretion under OEC 403 when it determined that the probative value of the evidence was substantially outweighed by the risk that the evidence would confuse the jury.

In his second assignment of error, defendant argues that the trial court plainly erred by imposing $1,000 in attorney fees. Defendant did not object when the court announced those fees at sentencing. He requests plain error review and argues that we should exercise discretion to correct the error under the factors set out in *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 382 n 6, 823 P2d 956 (1991). The state concedes that the record is silent on defendant's ability to pay attorney fees and that the trial court plainly erred in imposing them. *See* ORS 151.505(2), (3); ORS 161.665(1), (4). The

state further agrees that this case is of a type that we ordinarily exercise our discretion to correct and that we should reverse the portion of the judgment imposing attorney fees. *See, e.g.*, *State v. Caballero*, 307 Or App 406, 407, 477 P3d 441 (2020) (exercising discretion to correct plain error where the record was silent on the defendant's ability to pay attorney fees and reversing the portion of judgment imposing attorney fees because the defendant was sentenced to a lengthy prison term and the record contained no evidence of the defendant's financial resources); *State v. Coverstone*, 260 Or App 714, 716-17, 320 P3d 670 (2014) (same). We accept the state's concession and exercise our discretion to correct the error. Accordingly, we reverse the portion of the judgment imposing $1,000 in attorney fees.

In his third assignment of error, defendant contends that the trial court erred in imposing per diem fees for the first time in the judgment. Although defendant did not preserve his challenge to the per diem fees, preservation is excused because defendant did not "have notice or opportunity" to do so before the trial court entered the judgment. *State v. Tison*, 292 Or App 369, 372, 424 P3d 823, *rev den*, 363 Or 744 (2018). The requirement that a sentence must be pronounced in defendant's presence is rooted in the defendant's constitutional right to be present and to be heard at sentencing; that right extends to any substantive modification of an orally pronounced sentence. *See State v. DeCamp*, 158 Or App 238, 242, 973 P2d 922 (1999) ("A defendant's right to be present when sentenced on a felony is both statutorily and constitutionally grounded. That right extends to sentence modification if the modification is 'substantive' as opposed to 'administrative.'" (Citations omitted.)). Including unannounced fees in a judgment constitutes a substantive modification of a sentence and it is therefore reversible error. *See State v. Barr*, 331 Or App 242, 244-45, 545 P3d 772, *rev den*, 372 Or 720 (2024) (reversible error to include per diem fees in judgment when those fees were not addressed at the sentencing hearing). The state agrees that the trial court erred by imposing per diem fees in the written judgment that were not announced at the sentencing hearing, and that the appropriate remedy is a remand for resentencing. *See Barr*, 331 Or App at 246 (trial court erred by including

unannounced per diem fees in the judgment and remanding for resentencing).

Portion of judgment requiring defendant to pay attorney fees reversed; portion of judgment requiring defendant to pay per diem fees reversed and remanded for resentencing; otherwise affirmed.