Argued and submitted November 30, conviction affirmed; remanded for entry of modified judgment December 22, 1993

STATE OF OREGON,
*Respondent,*

*v.*

JOHN ASBJORN NILSEN,
*Appellant.*

(P28605900P; CA A78068)

865 P2d 474

Hari Nam S. Khalsa, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

**ROSSMAN, P. J.**

Defendant appeals his conviction for driving under the influence of intoxicants, ORS 813.010, seeking remand for the purpose of resentencing. We conclude that the sentence is not sufficiently specific to enable defendant to comply with its terms or to allow defendant to know what to appeal, and we therefore remand with instructions for the trial court to specify the exact conditions of probation that it meant to impose.

Defendant contends that the court erred in imposing the "drug package" as a condition of probation. He argues that the condition embodies, in essence, the terms of ORS 137.540(2), which permits imposition of conditions of probation including random urinalysis, control of associations or frequenting of places, and submission to search by a probation officer. Defendant argues that those conditions are not justified under the facts of this case, and that they unnecessarily subject him to a limiting of his Fourth Amendment rights.

The state takes issue with the assignment of error. It contends that "drug package" is not a term of art with a commonly understood meaning, that it is not defined by statute, and that its "precise contours may differ from county to county, or from judge to judge within a given county." It argues that, because defendant failed to require that the written judgment spell out the specific conditions of probation, it is not clear whether or what conditions are contained in the "drug package," and the record therefore is not adequate for our review. We agree with the state. The only way to correct the situation is to remand the case with instructions for the trial court to spell out what is meant by the term "drug package." The judgment should be sufficiently specific to enable defendant to know what he must do to comply with it and whether or what conditions he wishes to appeal.

Conviction affirmed; remanded for entry of modified judgment not inconsistent with this opinion.