Submitted September 30, portion of judgment requiring defendant to pay $210 in attorney fees reversed, otherwise affirmed December 9, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CODY JAMES KASPER,
*Defendant-Appellant.*

Lincoln County Circuit Court
113109; A156184

363 P3d 1289

Peter Gartlan, Chief Defender, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Matthew J. Lysne, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Hadlock, Judge, and Egan, Judge.

HADLOCK, J.

**HADLOCK, J.**

Defendant was convicted of conspiracy to commit second-degree burglary and was sentenced to probation. Defendant later admitted that he had violated the conditions of his probation, and the trial court revoked his probation. Defendant received a sentence on revocation of 60 days in jail, without credit for time served, and twelve months of post-prison supervision. The judgment includes a money award that, among other things, requires defendant to pay $210 in attorney fees. On appeal, defendant challenges both the imposition of attorney fees and the trial court's decision to deny him credit for time served. For the reasons outlined below, we reverse the portion of the judgment that requires defendant to pay $210 in attorney fees and otherwise affirm.

The pertinent facts are procedural and undisputed. In 2011, defendant pleaded guilty to a charge of conspiracy to commit second-degree burglary. He received a presumptive sentence of 18 months of probation.

In 2013, defendant's probation officer recommended that the court revoke defendant's probation because he had violated several conditions of his probation. At a subsequent hearing, defendant admitted that he had violated his probation conditions in the ways alleged. The trial court accepted defendant's admissions and found that he had violated his probation. The court observed—and defendant agreed—that defendant was serving parole sanctions in another case at the time of the probation-revocation hearing in this case but was "almost done" with those sanctions.

At the hearing, the trial court stated that it was going to impose "the maximum sentence" that it could on the probation revocation, which "is 60 days with one-year post-prison supervision." The court explained that it would require defendant to serve the 60-day jail term "day for day" and that it would not give defendant any credit for time served against that jail term. Defendant acknowledged that "the rules" allowed the trial court to deny credit for time served, because his conviction was for a felony,[1] but

---

[1] Under ORS 137.372(1)(b), a person "who has been revoked from a probationary sentence for a felony committed on or after November 1, 1989, and whose sentence was imposed as a presumptive probationary sentence * * * shall receive

he argued that the denial violated equal-protection principles because he could have "bailed out" of jail before the probation-revocation hearing—and therefore served less total time in jail—if he were "a man of means."

The trial court rejected that argument, observing that defendant was serving "a parole sanction so he would not have been able to bail out under any circumstance." Defendant did not challenge the court's understanding that he was serving a parole sanction; indeed, he acknowledged that his argument was made "more interesting" because of "the parole hold." After further colloquy, the court explained that it was rejecting defendant's equal-protection argument because—even if defendant had been able to obtain prehearing release from jail for the probation violation—"he would still be incarcerated * * * because of the parole hold." The court did not say anything on the record about attorney fees at the hearing.

The trial court subsequently entered a judgment titled "judgment on probation" that revoked defendant's probation, sentenced defendant to 60 days of jail and 12 months of post-prison supervision (as described above), ordered defendant to pay, among other things, $210 in attorney fees.

On appeal, defendant first challenges the trial court's entry of a judgment ordering him to pay $210 in attorney fees as part of his sentence on revocation. Defendant asserts that the court erred by including that term in the written judgment document when the court had not indicated, at the probation-revocation hearing, that his sentence would include that requirement. The state concedes that "imposition of the $210 attorney fee award without defendant's presence violated ORS 137.030."[2]

We agree that the trial court erred by including a term in defendant's judgment that the court had not announced in his presence. *See State v. Johnson*, 260 Or App

_____

credit for the time served in jail after arrest and before commencement of the probationary sentence * * * unless the sentencing judge orders otherwise."

[2] ORS 137.030(1) provides that "the defendant shall be personally present" for "the purpose of giving judgment" on a felony conviction.

176, 177, 316 P3d 432 (2013) (accepting state's concession that a court erred in entering a "written judgment of revocation" that required the defendant to pay attorney fees when the court had "not announce[d] that term in open court"). Accordingly, we reverse the portion of the judgment that requires defendant to pay $210 in attorney fees.

In his second assignment of error, defendant challenges the trial court's decision to deny him credit for time served against the 60-day jail term imposed as part of the sentence on revocation. Defendant asserts, as he did below, that the denial means that he is required to serve a longer term of incarceration than a nonindigent defendant would have served. In other words, defendant contends that he effectively has served *more* than 60 days in jail *because of his probation revocation*, whereas a similarly situated nonindigent defendant would have served only the 60-day jail term. He concludes that the disparity violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

We need not address whether defendant has correctly framed the federal equal-protection analysis or how equal-protection principles would apply in a case where an indigent defendant was able to establish that he was required to serve more jail time than a similarly situated, but nonindigent, defendant would have served. That is because defendant has not established, as a factual matter, that he was required to serve more time than a nonindigent defendant would have served under the circumstances present here.

Defendant's argument necessarily is premised on the unstated assumption that he was jailed in the days leading up to his probation-revocation hearing solely because of the pending allegation that he had violated his probation in this case. That assumption is flawed. The trial court found as fact that defendant was serving a separate parole sanction in another case at the time of the probation-revocation hearing and, therefore, would not have been able to obtain release under any circumstance—even if he could have posted bail. Thus, defendant was not disadvantaged by his indigent status; he served no more jail time than would have a similarly situated nonindigent defendant. The trial

court therefore ruled correctly when it rejected defendant's equal-protection argument.

Portion of judgment requiring defendant to pay $210 in attorney fees reversed; otherwise affirmed.