Submitted August 16, 2019; portion of judgment requiring defendant to pay a $6,505 DUII fine vacated, remanded for resentencing, otherwise affirmed February 5; petition for review denied June 18, 2020 (366 Or 569)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANTHONY THOMAS TOOMBS,
*Defendant-Appellant.*

Umatilla County Circuit Court
17CR37673; A166923

460 P3d 533

Eva J. Temple, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and John Evans, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

PER CURIAM

Portion of judgment requiring defendant to pay a $6,505 DUII fine vacated; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Following a conditional guilty plea, defendant was convicted of misdemeanor driving under the influence of intoxicants. Defendant appeals the judgment, raising two assignments of error. We reject defendant's first assignment of error without discussion. In his second assignment, defendant argues that the trial court erred when, after indicating orally at defendant's sentencing hearing that it intended to impose a $6,250 fine, it entered a judgment imposing a fine in the amount of $6,505.[1] Defendant acknowledges that the $255 difference may have represented a DUII conviction fee under ORS 813.020(1)(a) and ORS 813.030, but argues that the trial court could not impose that fee outside his presence and that preservation was not required in these circumstances. The state concedes the error and agrees that preservation is not required. We agree and accept the state's concession. *State v. Tison*, 292 Or App 369, 372, 374, 424 P3d 823, *rev den*, 363 Or 744 (2018) (concluding that the trial court erred when it imposed monetary obligations in the judgment that exceeded the amount it ordered orally in court and that preservation was not required); *State v. Zamno*, 299 Or App 270, 271, 450 P3d 57 (2019) (same).

The remaining issue is the proper remedy. Defendant asks us to reverse that portion of the judgment imposing the additional $255 fine. The state argues that the proper remedy is to remand for resentencing. We agree with the state.

ORS 138.257(4)(a)(B) controls the disposition of this case. It provides that the appellate court shall remand "[i]f the appellate court determines that the trial court, in imposing or failing to impose a sentence in the case, committed an error that requires resentencing." In *Zamno*, 299 Or App at 271-72, we concluded that the court's imposition of a $260 fine outside of the defendant's presence was such an error that required resentencing.[2] Accordingly, we vacate

---

[1] The court suspended $4,750 of the imposed fine.

[2] Our disposition in *Zamno* was governed by *former* ORS 138.222(5)(a) (2015), *repealed by* Or Laws 2017, ch 529, § 26, which contained similar language to ORS 138.257(4)(a)(B), except that the former applied only to felonies. In the same bill that repealed *former* ORS 138.222(5) (2015), the legislature enacted ORS

that portion of the judgment imposing a $6,505 DUII fine, remand for resentencing, and otherwise affirm.

Portion of judgment requiring defendant to pay a $6,505 DUII fine vacated; remanded for resentencing; otherwise affirmed.

138.257(4), *see* Senate Bill (SB) 896 (2017), which was "intended to restate the essence of *** [*former*] ORS 138.222(5)(a) and (b) [2015]," and was not intended "to make any substantive change in the law except *** [it] would apply to all misdemeanors and felonies." Exhibit 37, Senate Committee on Judiciary, SB 896, Apr 6, 2017 (accompanying statement of Oregon Law Commission Work Group Reporter James W. Nass).