Argued and submitted February 28; in A169176, remanded for resentencing, otherwise affirmed; in A172819, affirmed April 15, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT EDWARD DENNIS,
*Defendant-Appellant.*

Linn County Circuit Court
17CR03409;
A169176 (Control), A172819

464 P3d 518

Defendant was convicted of driving under the influence of intoxicants and driving while suspended. At his sentencing hearing, the trial court told defendant that it would impose 36 months of probation with a number of conditions. The trial court then entered a written judgment, which, in addition to imposing the sentence and probation terms described at the sentencing hearing, also required, for the first time, that defendant pay three particular fees. Defendant appeals, assigning error to the imposition of the three fees outside his presence. *Held*: The trial court erred in imposing the three fees for the first time in the written judgment. At least one of those errors was not harmless, so resentencing is necessary.

In A169176, remanded for resentencing; otherwise affirmed. In A172819, affirmed.

DeAnn L. Novotny, Judge.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

AOYAGI, J.

In A169176, remanded for resentencing; otherwise affirmed. In A172819, affirmed.

**AOYAGI, J.**

Defendant was convicted of misdemeanor driving under the influence of intoxicants, ORS 813.010, and driving while suspended, ORS 811.175. At defendant's sentencing hearing, the trial court told defendant that it would impose 36 months of probation with a number of conditions, including, as relevant here, that defendant "report to court monitoring services," "attend a victim impact panel," and "have a mandatory alcohol evaluation and participate [in] and complete any treatment that's recommended." The trial court also told defendant that it was imposing a $2,000 "minimum fine" under ORS 813.010(6)(c) and a $255 DUII fee under ORS 813.030 but that it was not imposing attorney fees.

The trial court entered a written judgment in September 2018 that reflected the foregoing sentencing provisions but *also* imposed special conditions of probation requiring defendant to pay three fees that it had not mentioned at his sentencing hearing: (1) "the monitoring fee" associated with court monitoring services, (2) "the fee" associated with the victim impact panel, and (3) a "$150.00 evaluation fee" associated with the substance abuse evaluation. Defendant appeals the September 2018 judgment, assigning error to the imposition of those three fees outside his presence.

A criminal defendant has a right to be present at sentencing. *State v. Baccaro*, 300 Or App 131, 137, 452 P3d 1022 (2019). We have repeatedly held that a trial court errs when it imposes fines or fees in a written judgment that it did not pronounce at sentencing. *E.g.*, *id.* (written judgment imposed $100 fee not pronounced in the defendant's presence); *State v. Coghill*, 298 Or App 818, 819, 448 P3d 1195 (2019) (written judgment imposed $255 fee not pronounced in the defendant's presence); *State v. Broyles*, 296 Or App 358, 359, 438 P3d 476 (2019) (written judgment imposed larger fine than pronounced in the defendant's presence); *State v. Brooks*, 285 Or App 54, 57, 396 P3d 302, *rev den*, 361 Or 803 (2017) (written judgment imposed $25 assessments not pronounced in the defendant's presence); *State v. Kasper*, 275 Or App 423, 426-27, 363 P3d 1289 (2015) (written judgment

imposed $210 in attorney fees not pronounced in the defendant's presence).[1]

Here, as noted, defendant argues that the trial court erred because it did not pronounce the three fees at sentencing but instead imposed them for the first time in the written judgment.[2] In response, the state essentially concedes that the trial court erred but argues that the appeal is moot or, alternatively, that the errors were harmless.

With respect to mootness, we are unpersuaded that the appeal is moot. Although the trial court continued the terms of probation in a later judgment entered in September 2019, it did not impose the terms anew. Indeed, the trial court expressly *declined* to "reiterate the fines and fees after the fact," as the state had requested, and instead simply continued the terms of probation. Under the circumstances, the appeal is not moot.

Turning to the merits, the only significant question is harmlessness. The state argues that any error was harmless, at least with respect to the substance abuse evaluation fee, because it is a mandatory fee, and the victim impact panel fee, because defendant had already been ordered to attend a victim impact panel in a different case.

_____

[1] "The right to be present at sentencing has both statutory and constitutional sources." *State v. Jacobs*, 200 Or App 665, 671, 117 P3d 290 (2005) (identifying the statutory source as ORS 137.030 and the constitutional sources as Article I, section 11, of the Oregon Constitution, and the Fourteenth Amendment to the United States Constitution). The statutory right is limited to felonies. ORS 137.030 (requiring the defendant to "be personally present" for giving of judgment on a felony conviction, but not a misdemeanor conviction). Here, defendant was convicted of misdemeanors, so he necessarily relies on the constitutional right. Although we have applied the principle more often to felonies, we have also applied it to misdemeanors—*see, e.g.*, *Baccaro*, 300 Or App at 137 (the trial court erred by imposing a fee outside the defendant's presence as part of a misdemeanor sentence); *Coghill*, 298 Or App at 819 (accepting the state's concession that the trial court erred by imposing a fee outside the defendant's presence as part of a misdemeanor sentence)—and the state does not argue for any distinction between felonies and misdemeanors.

[2] Defendant also challenges the imposition of the fees as not reasonably related "to the crime of conviction or the needs of the probationer for the protection of the public or reformation of the probationer, or both." ORS 137.540(2) (imposing limitations on special conditions of probation). However, we need not reach that issue given our disposition. *See State v. Anotta*, 302 Or App 176, 177 n 1, 460 P3d 543 (2020) (similar disposition).

Defendant argues that, even if the the substance abuse evaluation fee was mandatory, that does not make the error in imposing it outside his presence harmless, because, if he had known about the fee, he could have tried to persuade the trial court to reduce other fees to offset it given his financial circumstances. *Cf. Baccaro*, 300 Or App at 137 (holding that imposing fee outside of the defendant's presence was not harmless, even though the fee was mandatory, because defendant could have asked the court to exercise its discretion to suspend that part of the sentence); *State v. Jacobs*, 200 Or App 665, 674, 117 P3d 290 (2005) (holding that trial court's error in pronouncing judgment outside the defendant's presence was not harmless, because it denied the defendant the opportunity to plead for leniency or make any other argument or statement about his sentence). Defendant further argues that the state has made no harmlessness argument regarding the monitoring fee, which defendant contends was waivable, and that there is nothing in the record to indicate that defendant was ordered to pay the victim impact panel fee in the other case mentioned by the state.

Because we conclude that the trial court erred in imposing the three challenged fees outside defendant's presence and that at least one of those errors (the victim impact panel fee) was not harmless, we reverse and remand for resentencing. *See* ORS 138.257(4) (requiring remand for resentencing if we determine that the trial court committed an error that requires resentencing, and providing that the trial court "may impose a new sentence for any conviction" on remand).[3] We need not address the parties' harmlessness arguments as to the other two fees that defendant challenges, given that defendant will be resentenced in any event.

Finally, after appealing the September 2018 judgment (A169176), defendant also appealed the September 2019 judgment (A172819), and we consolidated those appeals

---

[3] ORS 138.257(4) applies because the judgment on appeal was entered after January 1, 2018. *State v. Tison*, 292 Or App 369, 372 n 3, 424 P3d 823, *rev den*, 363 Or 744 (2018); *see also State v. Toombs*, 302 Or App 173, 174 n 2, 460 P3d 533 (2020) (stating that ORS 138.257(4) applies to all misdemeanors and felonies).

at defendant's request. It appears that defendant appealed the September 2019 judgment out of an excess of caution, because of the state's mootness argument regarding the first appeal. Given our disposition and the lack of any assignment of error with respect to the September 2019 judgment, we affirm that judgment. *See State v. Snyder*, 281 Or App 308, 310 n 1, 383 P3d 357 (2016) (similar disposition).

In A169176, remanded for resentencing; otherwise affirmed. In A172819, affirmed.