Submitted April 16; portion of judgment of conviction requiring defendant to pay $255 DUII conviction fee vacated, remanded for resentencing, otherwise affirmed June 9, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RUSSELL ALLEN MACY,
*Defendant-Appellant.*

Washington County Circuit Court
19CR14898; A172058

492 P3d 1277

Defendant appeals from a judgment of conviction for driving under the influence of intoxicants (DUII), recklessly endangering another person, and reckless driving. Defendant contends that the trial court erred in imposing a $255 DUII conviction fee in the judgment without previously announcing the imposition of that fee in court at his sentencing hearing. *Held*: The trial court erred in imposing the DUII conviction fee without having first announced that fee at defendant's sentencing. Further, that error was not harmless because defendant lost an opportunity to respond to the court's imposition of the fee, which may be waived if the defendant is indigent.

Portion of judgment of conviction requiring defendant to pay $255 DUII conviction fee vacated; remanded for resentencing; otherwise affirmed.

Theodore E. Sims, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Peter G. Klym, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Weston Koyama, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

SHORR, J.

Portion of judgment of conviction requiring defendant to pay $255 DUII conviction fee vacated; remanded for resentencing; otherwise affirmed.

**SHORR, J.**

Defendant appeals from a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010, recklessly endangering another person, ORS 163.195, and reckless driving, ORS 811.140. Defendant's convictions are all Class A misdemeanors. Defendant raises five assignments of error. We reject all but defendant's fourth assignment of error in which he contends that the trial court erred in imposing a $255 DUII conviction fee in the judgment without having previously announced the imposition of that fee in court at his sentencing. Because we agree with defendant that the court erred in doing so, we vacate that portion of the judgment requiring defendant to pay a $255 DUII conviction fee, remand for resentencing, and otherwise affirm.

We start with the relevant facts, which are uncontested. After the jury convicted defendant, he appeared before the trial court for sentencing. The prosecutor began by recommending a sentence to the court:

"Based on the facts as ha[ve] been described to me from what happened at trial and his record, my recommendation is that the defendant do formal probation with the drug package. This is a drug DUII. This one being his fourth DUII, would carry a $2,000 fine, along with the $255 DUII fee, and then $100 on each the reckless endangering and the reckless driving."

The prosecutor then discussed a lifetime driver's license suspension on the DUII conviction, additional suspensions for two other convictions, a no-contact order as to the victim, and, lastly, recommended a 120-day jail sentence. Defendant responded with a request for a 90-day jail sentence and the following:

"I would ask for just minimal third time DUI[I] treatment, the lifetime suspension, the standard fines and fees that we spoke about,[1] formal probation. I believe there's a nexus to

---

[1] It is unclear what defense counsel is referencing when he discusses the "standard fines and fees that we spoke about" as defense counsel had not previously spoken on the record with the court regarding fines and fees. The state does not contend that defense counsel is adopting the prosecutor's mention of fines and fees nor does it contend that defense counsel's statement has any bearing on our analysis.

order a drug package at this point in this case, the * * * two 90-day suspensions."

After defendant's presentation, the trial court ordered as follows:

"All right. I'm going to give you 60 days in custody. The first two weeks are going to be with programs. You're going to be on formal probation for two years. You'll have the drug package. There's a $2,000 fine, a lifetime revocation on Count 1, 90 days on Counts 2 and 3. There's a $100 fine on Count 2, $100 on Count 3. And you'll need to attend the victim's impact panel * * *."

The court did not expressly mention the imposition of a $255 DUII conviction fee, the imposition of which is provided for in ORS 813.020. However, that fee was subsequently added to the judgment.

As noted above, defendant contends that the trial court erred in imposing the $255 DUII conviction fee in the judgment because that fee had not been announced at defendant's sentencing. We have previously held that it is error for a trial court to impose a fine or fee as part of a sentence on a misdemeanor conviction in a judgment when that fine or fee was not previously announced in open court at the defendant's sentencing hearing. *State v. Tison*, 292 Or App 369, 374, 424 P3d 823, *rev den*, 363 Or 744 (2018) (citing cases where we so held). The state does not contest that that legal principle applies but contends that the DUII conviction fee *was* announced by the court at defendant's sentencing hearing. The state posits that the court effectively announced the imposition of the DUII conviction fee when it stated, "You'll have the drug package." The state contends that reference incorporated the fee when considered in the context of the prosecutor's "drug package" recommendation. We disagree.[2]

As an initial matter, the prosecutor did not make it apparent that the "drug package" included the DUII conviction fee. Indeed, the prosecutor asked for the imposition

---

[2] We note that a defendant is not required to preserve a challenge to a portion of a sentence that appeared for the first time in a judgment because the defendant had no opportunity to preserve the challenge at a hearing where that sentence was never announced. *Tison*, 292 Or App at 372.

of "the drug package" in connection with its reference to probation and before separately listing the various recommended fines and fees. A "drug package" in sentencing is not a term of art that means the same thing in all contexts, but we have acknowledged that, as a general matter, it is a package of special conditions of probation whose precise contours may vary among counties or judges. *State v. Nilsen*, 125 Or App 402, 404, 865 P2d 474 (1993); *see also State v. Nguyen*, 298 Or App 139, 140, 445 P3d 390 (2019) (noting that a trial court had, in addition to imposing general probation conditions, imposed "the special condition of the drug package"). In that light, the reference to the drug package almost certainly referred to the conditions of probation that the prosecutor had just referenced. Regardless, it would not have been apparent that it referred to a DUII conviction fee that is imposed under ORS 813.020.[3]

The state claims this case is controlled by *State v. White*, 269 Or App 255, 344 P3d 255, *rev den*, 357 Or 300 (2015). In *White*, the trial court had expressly adopted the state's recommended sentence by stating that it would "post the other obligations that [had] been outlined" in the state's recommended sentence. *Id.* at 256. The state had recommended some specific fines and fees by name and amount and also recommended "all the other general conditions that are normally asked for" in a DUII prosecution. *Id.* (brackets omitted). We held that the court's adoption of the state's recommended sentence included both the specific fines and fees that the prosecutor mentioned and a $100 bench probation supervision fee that is a general condition of probation under ORS 137.540(1)(a) and ORS 137.540(7). *Id.* at 256-57. In other words, the trial court's assumption of the "other obligations that [had] been outlined" adopted the state's recommendation for the general conditions of probation in a DUII sentence, including the probation supervision fee. *Id.* We acknowledge that trial courts sometimes speak in short hand at sentencing and adopt by specific reference a state's

---

[3] ORS 813.020(1)(a) provides, in relevant part, that, when a person is convicted of driving while under the influence of intoxicants, "the court shall require" the person to "[p]ay to the court the fee described under ORS 813.030 [providing for a $255 fee]." As we discuss below, that fee may be waived in full or part if the defendant is indigent. ORS 813.030.

recommended sentence in a manner where the imposition of the fine or fee is apparent when viewed in context, as in *White*, but this is not such a case. Here, the DUII fee that was added to the judgment was not part of the drug package mentioned by the prosecutor in the sentencing and was not then incorporated by the court by adoption or otherwise.

We have previously concluded that the later imposition of a fee outside of the defendant's presence is not harmless where the defendant lost the opportunity to respond to the court with an argument that could have resulted in a suspension of the fee. *See State v. Baccaro*, 300 Or App 131, 137, 452 P3d 1022 (2019) (stating same in case involving potential suspension of bench probation fee later added to the judgment). Here, the $255 DUII conviction fee can be waived by the trial court if the defendant is indigent. ORS 813.030. Defendant never had an opportunity to respond to the court to argue against the imposition of that fee because it was announced for the first time in the judgment.

We turn to the appropriate disposition. In the parties' briefing, the state asked us to affirm whereas defendant requested a pure reversal of the DUII conviction fee. Neither fit this circumstance. In a similar misdemeanor DUII case where the trial court assessed fines in the judgment that were $255 above those mentioned at the sentencing hearing, we remanded for resentencing to determine if the $255 excess amount was the same DUII conviction fee at issue here and, if so, whether the trial court would impose or waive the fee on remand if the defendant was indigent. *Tison*, 292 Or App at 374-75; *see also* ORS 138.257(4)(a)(B) (stating that the appellate court "shall" remand the case to the trial court if it determines that the trial court committed a sentencing error that requires resentencing). Accordingly, we do the same here.

Portion of judgment of conviction requiring defendant to pay $255 DUII conviction fee vacated; remanded for resentencing; otherwise affirmed.