238　　　　　　September 25, 2024　　　　　No. 679

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TERRY LEE DAY,
aka Blein Nyles Qoi,
*Defendant-Appellant.*

Jackson County Circuit Court
19CR08281; A180676

Paul D. Moser, Judge Pro Tempore.

Argued and submitted August 29, 2024.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Erica L. Herb, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant entered a conditional plea of no contest to second-degree arson for starting a fire that burned a detached garage, a fence, and a vehicle. ORS 164.315. In his only assignment of error, defendant contends that the trial court erred when it ordered him to abide by financial probation conditions that it did not announce in his presence in open court. Reviewing for legal error, *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023), we affirm.

At defendant's plea hearing, he agreed to pay $5,776 in restitution but asked the court to "reduce that to a civil judgment" because of his housing instability. Defense counsel acknowledged that defendant "knows that he can *** schedule a payment plan for whatever he can afford." The trial court imposed the following conditions orally during sentencing: "two years of bench probation. Conditions include violate no law, comply with collections. I'll waive any fines or fees; however, there's restitution in the amount of $5,776."

The written judgment listed defendant's one financial probation condition—the restitution amount of $5,776 discussed during the sentencing. However, the written judgment included an additional sentence: "Comply with all procedures of accounting office regarding payment of fines, restitution and fees imposed. *Abide by the financial conditions of probation document furnished to you by the court, probation officer or Department of Justice collection agent.*" (Emphasis added.) Defendant contends that that emphasized sentence references an additional unspecified "financial conditions of probation document," a document that is not in the record and the contents of which were not orally announced in defendant's presence at sentencing.

"A criminal defendant has a right to be present at sentencing" and to have the sentence pronounced in open court. *State v. Dennis*, 303 Or App 595, 596–97, 464 P3d 518 (2020); *Priester*, 325 Or App at 581. We have long held that imposition of fines or fees in a written judgment when they were not pronounced at sentencing is error. *See Dennis*, 303

Or App 596-97 (collecting cases); *State v. Jacobs*, 200 Or App 665, 673, 117 P3d 290 (2005). If a court uses a shorthand phrase during sentencing, two conditions must be satisfied for that phrase to legally suffice as announcing a defendant's sentence in open court. *Priester*, 325 Or App at 582. First, "it must be apparent somewhere in the record that all parties had the same understanding of the meaning of the shorthand phrase and what it referred to." *Id*. Second, it "must be apparent somewhere in the record that the shorthand phrase included the conditions that were eventually listed in the written judgment." *Id*. at 582-83.

In this case, the question is whether the trial court's use of a shorthand phrase—"comply with collections"—encompasses the written judgment's requirement that defendant "abide by the financial conditions of probation document." We conclude that both requirements for the use of a shorthand phrase at sentencing were satisfied. First, it is apparent in the record that all parties had the same understanding of the meaning of the shorthand phrase—that defendant would comply with efforts to collect $5,776—because defense counsel stated that defendant "is agreeing to [pay] $5,776 in restitution" as a part of the plea deal. And the trial court orally announced that it was waiving any fines or fees other than the $5,776 restitution amount. Second, the written judgment's condition that defendant must abide by financial conditions refers to the collection of the restitution (the only financial condition imposed), which is encompassed in the phrase "comply with collections." *But cf. Priester*, 325 Or App at 581-83 (concluding that the trial court's shorthand phrase "DV package" did not make clear that the trial court applied the special probation condition that the defendant needed to "[d]isclose the nature of conviction to any domestic partner"). Defendant argues that the possibility of other unspecified "conditions" contained in the financial conditions of probation document might hypothetically result in a condition not announced in court. However, unlike the defendant in *Priester*, he has not identified any such condition to challenge, and we will not reverse a judgment based on conjecture. *See id*. at 585 (concluding that the trial court's shorthand did not announce one of the defendant's "specific challenged condition[s]").

Accordingly, the written judgment captured both parties' understanding that defendant must comply with the collection of restitution, and the additional sentence in the written judgment did not materially change that restitution condition.

Affirmed.