218 November 14, 2024 No. 819

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NIGEL RIVER WHITE,
*Defendant-Appellant.*

Coos County Circuit Court
22CR32359; A180743

Martin E. Stone, Judge.

Submitted September 25, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Joel Duran, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Julia Glick, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Remanded for resentencing; otherwise affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction for aggravated harassment (ORS 166.070) and disorderly conduct in the second degree (ORS 166.025). Defendant raises four assignments of error, which all challenge some aspect of defendant's sentencing. As to the first two assignments of error, the state concedes that the trial court erred when it imposed per diem fees in the written judgment when those fees were not pronounced in open court at defendant's sentencing hearing. We agree and accept that concession. Because this case is going back for resentencing based on the conceded errors, we do not reach defendant's third and fourth assignments of error that contend that the trial court plainly erred in requiring defendant to submit to a polygraph examination as a special condition of probation. We therefore remand for resentencing.

In his first two assignments of error, defendant contends that the trial court erred in adding per diem fees to the judgment for each conviction when those fees were not previously announced in open court at sentencing. As noted, the state concedes error and we accept that concession. A court may not impose fees or fines in a written judgment when it did not pronounce them in open court at sentencing. *State v. Dennis*, 303 Or App 595, 596-97, 464 P3d 518 (2020). Per diem fees are monetary obligations that a defendant pays to the county for the daily cost of housing them in jail. *See State v. Schay-Vivero*, 333 Or App 168, 169, 552 P3d 150 (2024) (describing same); ORS 169.151(1)(a) (providing that a county may impose costs of incarceration of up to $60 a day). A defendant may argue that the defendant does not have the ability to pay the fees and the court shall account for a defendant's ability to pay such fees before imposing them. ORS 169.151(3), (5). Because defendant did not have the opportunity to contend that he was unable to pay such fees, we cannot say that any error was harmless.

In his third and fourth assignments of error, defendant contends that the trial court plainly erred in imposing a polygraph-examination requirement as a special condition of probation. Because defendant will be resentenced anyway, he can raise that issue on remand and we do not

need to resolve it here. *See Dennis*, 303 Or App at 598 (not addressing certain additional challenged fees when the case was remanded for resentencing on other grounds); ORS 138.257(4)(b) (stating that a trial court on remand "may impose a new sentence for any conviction").

Remanded for resentencing; otherwise affirmed.