472 November 27, 2024 No. 856

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NATASHA NICOLE CLARK,
*Defendant-Appellant.*

Lane County Circuit Court
23CR03486; A182065

Beatrice N. Grace, Judge.

Submitted October 11, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Joel C. Duran, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Remanded for resentencing; otherwise affirmed.

**EGAN, J.**

Defendant appeals an amended judgment entered after a jury found her guilty of one count of second-degree criminal mischief, ORS 164.354, and two counts of recklessly endangering another person, ORS 163.195. The trial court sentenced defendant to 12 months of bench probation. Under the general conditions of probation, the amended judgment requires defendant "[i]f physically able, [to] find and maintain gainful full-time employment, approved schooling, or a full-time combination of both." It also provides that defendant "shall pay any required per diem fees."  Defendant challenges those conditions of probation and the requirement to pay per diem fees because they were not announced in open court at sentencing. The state concedes the error. We agree with and accept the state's concession. We remand for resentencing and otherwise affirm.[1]

"We review sentencing decisions for legal error." *State v. Tison*, 292 Or App 369, 372, 424 P3d 823, *rev den*, 363 Or 744 (2018). "A criminal defendant has the right to have their sentence announced in open court. A trial court commits reversible error if it does not do so, and the result is usually a resentencing." *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) (citations omitted). "[A] defendant is not required to preserve a challenge to a portion of a sentence that appeared for the first time in a judgment because the defendant had no opportunity to preserve the challenge at a hearing where that sentence was never announced." *State v. Macy*, 312 Or App 234, 236 n 2, 492 P3d 1277 (2021).

Here, defendant was convicted of misdemeanor offenses, so her challenge is based on her constitutional right to be present at sentencing. *See State v. Dennis*, 303 Or App 595, 597 n 1, 464 P3d 518 (2020). The trial court erred in imposing probation conditions and requirements to pay per diem fees in the amended judgment that were not announced at sentencing, and the appropriate remedy is a remand for resentencing. *See State v. Keen*, 304 Or App 89, 90, 466 P3d 95 (2020) (remanding for resentencing

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.

when probation condition appearing in the judgment was not announced in open court at sentencing); *see also State v. Barr*, 331 Or App 242, 244, 545 P3d 772, *rev den*, 372 Or 720 (2024) (remanding for resentencing when requirement to pay per diem fees in the judgment was not announced in open court at sentencing).

Remanded for resentencing; otherwise affirmed.