94 December 26, 2024 No. 935

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JERRY TODD LEWIS,
*Defendant-Appellant.*

Jackson County Circuit Court
21CR60657; A181024

Paul D. Moser, Judge pro tempore.

Submitted November 8, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anna Johnson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Lauren P. Robertson, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Remanded for resentencing; otherwise affirmed.

**EGAN, J.**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants, (DUII), ORS 813.010(4). The trial court sentenced defendant to two years of bench probation and imposed a sanction of 40 days in jail with credit for time served. At the sentencing hearing, the trial court permitted defendant to report to the jail at a later date so that he could apply for a home detention program. The judgment provides that defendant may be considered for any form of alternative sanction and that he "shall pay any required per diem fee." On appeal, defendant argues that the trial court erred in imposing the requirement to pay a per diem fee because it was not announced in open court at sentencing. The state concedes the error. We agree with and accept the state's concession. We remand for resentencing and otherwise affirm.[1]

"We review sentencing decisions for legal error." *State v. Tison*, 292 Or App 369, 372, 424 P3d 823, *rev den*, 363 Or 744 (2018). "A criminal defendant has the right to have their sentence announced in open court. A trial court commits reversible error if it does not do so, and the result is usually a resentencing." *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) (citations omitted). "[A] defendant is not required to preserve a challenge to a portion of a sentence that appeared for the first time in a judgment because the defendant had no opportunity to preserve the challenge at a hearing where that sentence was never announced." *State v. Macy*, 312 Or App 234, 236 n 2, 492 P3d 1277 (2021).

Here, defendant was convicted of a misdemeanor offense, so his challenge is based on his constitutional right to be present at sentencing. *See State v. Dennis*, 303 Or App 595, 597 n 1, 464 P3d 518 (2020). The trial court erred in imposing the requirement to pay a per diem fee in the judgment because it was not announced at sentencing, and the appropriate remedy is a remand for resentencing. *See State v. Barr*, 331 Or App 242, 244, 545 P3d 772, *rev den*, 372 Or 720 (2024) (remanding for resentencing when requirement

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.

to pay per diem fees in the judgment was not announced in
open court at sentencing).

Remanded for resentencing; otherwise affirmed.