562 January 29, 2025 No. 56

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TINA MARIE WESTENFELT,
*Defendant-Appellant.*
Crook County Circuit Court
23CR19045; A181834

Daniel Joseph Ahern, Judge.

Submitted December 13, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Marc D. Brown, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Remanded for resentencing; otherwise affirmed.

**LAGESEN, C. J.**

Defendant entered a conditional plea of no contest to fleeing or attempting to elude a police officer, ORS 811.540. The trial court imposed 18 months of probation and 10 days in jail. The judgment provides that defendant may be considered for alternative sanctions and defendant shall pay any required per diem fees, but that requirement to pay per diem fees was not announced in open court at sentencing. The state concedes the error. We agree with and accept the state's concession. We remand for resentencing and otherwise affirm.[1]

"We review sentencing decisions for legal error." *State v. Tison*, 292 Or App 369, 372, 424 P3d 823, *rev den*, 363 Or 744 (2018). "A criminal defendant has the right to have their sentence announced in open court. A trial court commits reversible error if it does not do so, and the result is usually a resentencing." *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) (internal citations omitted). "[A] defendant is not required to preserve a challenge to a portion of a sentence that appeared for the first time in a judgment because the defendant had no opportunity to preserve the challenge at a hearing where that sentence was never announced." *State v. Macy*, 312 Or App 234, 236 n 2, 492 P3d 1277 (2021).

Here, defendant was convicted of a misdemeanor offense, so her challenge is based on her constitutional right to be present at sentencing. *See State v. Dennis*, 303 Or App 595, 597 n 1, 464 P3d 518 (2020). The trial court erred in imposing the requirement to pay a per diem fee in the judgment because it was not announced at sentencing, and the appropriate remedy is a remand for resentencing. *See State v. Barr*, 331 Or App 242, 244, 545 P3d 772, *rev den*, 372 Or 720 (2024) (remanding for resentencing when requirement to pay per diem fees in the judgment was not announced in open court at sentencing).

Remanded for resentencing; otherwise affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.