No. 601 July 2, 2025 651

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL LEE MASTERMAN,
*Defendant-Appellant.*

Linn County Circuit Court
19CR63626, 23CR24352, 23CR24363;
A182640 (Control), A182641, A182642

Keith B. Stein, Judge.

Submitted June 2, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anna R. Johnson, Deputy Public Defender, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Julia Glick, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant was convicted of driving under the influence of intoxicants, ORS 813.010(4), in case number 19CR63626; failure to appear on a criminal citation, ORS 133.067, in case number 23CR24352; and felony fleeing or attempting to elude a police officer, ORS 811.540(1)(b)(A), in case number 23CR24363. On appeal, in two assignments of error, he contends that the sentencing court erred by imposing two special conditions of probation not announced at sentencing—one requiring him to pay a victim impact panel fee and the other requiring him to pay a substance abuse evaluation fee.

"A criminal defendant has the right to have their sentence announced in open court. A trial court commits reversible error if it does not do so, and the result is usually a resentencing." *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) (internal citations omitted); *see also State v. Dennis*, 303 Or App 595, 596, 464 P3d 518 (2020) ("We have repeatedly held that a trial court errs when it imposes fines or fees in a written judgment that it did not pronounce at sentencing."). Preservation is excused for such a claim of error, "because the defendant had no opportunity to preserve the challenge at a hearing where that sentence was never announced." *State v. Macy*, 312 Or App 234, 236 n 2, 492 P3d 1277 (2021).

The state concedes that the trial court erred, and we accept that concession as well taken. As for the disposition, we agree with the state that the most appropriate disposition in this instance is to remand for resentencing.

Remanded for resentencing; otherwise affirmed.